STOCKER v. HUFF ET AL.

[No. 16,707. Filed October 23, 1941. Rehearing denied November 19, 1941.]

*Hovey Kirk,* of Princeton, and *Ramsey & Grayson,* of Vincennes, for appellant.

*Shake & Kimmell,* of Vincennes, and *Sanford Trippett,* of Princeton, for appellees.

FLANAGAN, J.—Appellees brought this action to recover damages for the burning of their household furniture, clothing, and other personal property alleged to have been caused by the negligence of appellant in setting fire to weeds close to the house in which appellees lived and in letting the fire spread to their house.

The cause of action was tried to a jury, which returned a verdict for appellees in the sum of $800.00.

The only question presented in this appeal is the sufficiency of the evidence to sustain the jury's verdict. It is contended by appellant that there is no evidence to support a finding that the fire resulted from the alleged acts on his part.

There is evidence to support the following facts:

At the time of the fire, which occurred on July 22, 1937, appellees were renting the house in question from appellant, who was the owner. It was a small four-

room house located in the country. The framework of wood was supported on brick and cement blocks, with several openings in the foundation, and with porches on the front and back, each open underneath. It was built of cheap lumber, highly inflammable. Part of it was made from boxes in which caskets had been shipped to appellant, who was an undertaker. Appellees, husband and wife, and their two children worked during the day, and no one was at home from about 6:30 o'clock in the morning until evening. On the day before the fire, appellant, together with a man employed by him, without the knowledge, invitation, or consent of appellees, came to the property and cut weeds, some of which they burned and some of which they piled up about ten feet from the house. On the morning of the fire appellees cooked breakfast on an oil stove, extinguished the fire, locked the house, and they and their two children left for work about 6:30 o'clock. There was no electricity or electric wiring in the house and no fire of any kind other than the aforementioned oil stove. About 8:30 o'clock, appellant and his employee returned to do some more work about the yard. Appellant stayed about thirty minutes and left, but returned to get his employee at 11:30 o'clock and they left for lunch. At about 12:30 o'clock, people across the road discovered that the house was on fire. It burned to the ground rapidly, destroying all of appellees' furniture, clothing and other personal effects. At about 11 o'clock that morning, the weeds which appellant had piled about ten feet from the house were seen burning. It was later discovered that the weeds and grass from this pile of weeds to the house had burned. A wooden piece which was part of the chicken coop fence and which was attached to the house had burned to the house. The day was hot and dry, the

weeds were dry and the wind was blowing from the direction of the pile of weeds toward the house.

The rule is firmly settled that this court will not weigh conflicting evidence and will not disturb the verdict of a jury if it is supported by any competent evidence. The jury is entitled to draw reasonable inferences from proven facts.

We think that from the facts above set forth the jury could reasonably infer that appellant and his employee on the morning of the fire continued their program of weed burning from the previous day; that they left the fire to go to lunch; and while gone, the fire spread to and under the house, causing its destruction.

Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 4.